4

(Nos. 147488 and 147449—Decided July 12, 1976.)

Franklin County Municipal Court.

*Mr. William W. Taylor*, law director, *Mr. Daniel W. Johnson*, city prosecutor, and *Mr. G. Rand Smith*, for plaintiff.

*Mr. William R. Cromley*, for defendant.

WEST, J. The defendant was convicted in Mayor's Court of the city of Hilliard of two traffic offenses and the matter is before this court on appeal under the provisions of R. C. 1905.22 *et seq.* which provides for a trial *de novo* in this court.

Efforts were made by defendant prior to trial to remove the traffic charges from Mayor's Court for a hearing before a judge; however, the charges being minor misde-

meanors, the defendant was not entitled to a jury trial and the matters were not transferred. At trial, defendant again attempted to have the matters removed, and further raised the issue of denial of the due process guaranteed by the Fourteenth Amendment to the United States Constitution.

Counsel for defendant argued that the mayor, being a layman and not law trained, was not qualified to decide legal questions he was about to raise. Counsel then moved for dismissal of the two traffic charges on the grounds that the ordinances under which they were brought were unconstitutionally vague, whereupon the record reflects the following occurrence:

"MR. MAYOR: This court will recess for five minutes. I would like to talk to the prosecutor as my law director. (Recess taken.)"

Following the recess, defendant objected to the conference between the mayor and the prosecutor and cited this as another reason he was being denied a trial before a fair and impartial magistrate.

A person charged with traffic offenses is entitled to a neutral and detached judge in the Mayor's Court even if a *de novo* trial is available in another court under R. C. 1905.-01 *et seq.* The provision of R. C. 2937.20 for the disqualification of interested, biased, or prejudiced judges, in that it requires an accused to show special prejudice in his particular case as opposed to the broad challenge in respect to all prosecutions before the Mayor's Court, does not provide a sufficient safeguard of right to trial before a disinterested and impartial magistrate in such court. *Ward* v. *Monroeville* (1972), 409 U. S. 57.

The defendant finds considerable support for his position with respect to nonlawyer judges in the dissent of Justice Corrigan in *State, ex rel. Brockman,* v. *Proctor* (1973), 35 Ohio St. 2d 79, and from John J. Chernoski, who, in his article, "The 'Right' to a Neutral and Competent Judge in Ohio's Mayors Courts," 36 Ohio St. L. J. 889 (1975), asserts, at page 902: "Due process of law requires a minimum standard of judicial competence of a mayor when he is exercising a judicial function." However, the

United States Supreme Court on June 28, 1976, in *North v. Russell*, case No. 74-1409, has ruled that an accused who is charged with a misdemeanor for which he is subject to possible imprisonment, is not denied due process when tried before a nonlawyer police court judge in one of the smaller cities of Kentucky, when a later trial *de novo* is available in the circuit court where all judges are lawyers.

This case fits neatly into the law stated in the second paragraph of the syllabus of *State, ex rel. Brockman, supra,* so the defendant need not rely on the nonlawyer judge issue.

Under Section 4.01 of the Charter for the city of Hilliard a mayor is elected by the voters every four years, and Section 4.02 of the charter provides, in pertinent part:

"The mayor shall be the chief executive officer and head of the administrative agencies of the city, and shall serve as judge to hear and determine misdemeanor cases arising under the city ordinances, as provided by state law, unless and until a different court is established for such purpose by state law. He shall be responsible for the proper administration of all affairs of the city, and, to that end, subject to the provisions of this charter, he shall have authority and shall be required to: -

"* * *

"(3) Prepare the budget estimates annually, submit them to the council, and administer the appropriations adopted by the council;"

The trial of a defendant charged with a traffic offense by a mayor acting as judge, who is also chief executive and administrative officer of the municipality and who, as such officer, is responsible for the financial condition of the municipality, violates due process of law. *State, ex rel. Brockman,* v. *Proctor, supra.*

It is of no consequence that fines and costs from Hilliard Mayor's Court account for less than five percent of that city's budget as was represented by its law director. The executive and administrative responsibilities of the Mayor of Hilliard are such that he is precluded from hearing contested traffic cases.

The motion of defendant for dismissal is allowed.

*Cases dismissed.*